UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GINEW LARENCE BENTON,

                Plaintiff,

    -against-

CARMEN CONSUELO SANCHEZ,

                Defendant.
----------------------------------X

ORDER
12-CV-4840(JS)(WDW)

APPEARANCES:
For Plaintiff:    Ginew Larence Benton, pro se
                  3 Old Point Road
                  P.O. Box 2796
                  Southampton, New York 11969

For Defendant:    Carmen Sanchez, pro se
                  45 Central Park North, Apt. 1C
                  New York, NY 10026

SEYBERT, District Judge:

        On September 27, 2012, pro se plaintiff Ginew Larence Benton ("Plaintiff") filed a fee-paid Complaint in this Court pursuant to the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1901 et seq., and the American Indian Religious Freedom Act ("AIRFA"), 42 U.S.C. § 1996, against the defendant Carmen Consuelo Sanchez ("Defendant") seeking to challenge the January 26, 2012 order of the New York State Family Court denying Plaintiff parental rights in favor of the Defendant.

        Upon review of Plaintiff's Complaint and for the reasons that follow, the Court finds that it lacks subject matter jurisdiction to adjudicate Plaintiff's claims. Accordingly, the Complaint is DISMISSED without prejudice, and Plaintiff may pursue any valid claims he may have against Defendant in state court. The

Clerk of the Court is directed to close this case.

## BACKGROUND

The gravamen of Plaintiff's brief Complaint concerns proceedings before the New York State Family Court which resulted in, inter alia, the "remov[al] and den[ial] [of] [P]laintiff's parental rights in favor of the [D]efendant." (See Docket Entry 1, at 5.) According to the Complaint, Plaintiff is a Native American and Defendant, the alleged mother of Plaintiff's two minor children, is a "non-Indian." Id. Plaintiff claims that, on January 26, 2012, the New York State Family Court denied Plaintiff's petition to permit him to include his children in "minimal Pow-Wow and Midewin Ceremony Participation." Id.

Annexed to the Complaint is a two-page letter dated September 24, 2012 addressed to Plaintiff from the Suffolk County Department of Social Services. (Docket Entry 1, at 6-7.) The letter apprises Plaintiff that he is "the subject of a report of suspected child abuse or maltreatment received by the New York State Child Abuse and Maltreatment Register (State Central Register) received on September 21, 2012." (Docket Entry 1, at 6.) Plaintiff claims, apparently based on this letter, that the "New York Family Court instituted a new action against [him]." (Docket Entry 1, at 5.)

As a result, Plaintiff seeks an order from this Court: (1) removing and transferring his Family Court case to the Federal

2

Court; (2) commencing a Transfer of Custody Hearing in Federal Court; and (3) amending the ICWA to allow for a transfer of custody from the Non-Indian Custodial Parent to the Indian Parent if the Non-Indian Parent denies the child's inherent rights protected by the American Indian Religious Freedom Act. Id.

DISCUSSION

I. Standard of Review

Given Plaintiff's pro se status, the Court is mindful that his "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d (2009), and if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, if amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. See id.

Regardless of whether a plaintiff has paid the filing

fee, a district court has the inherent power to sua sponte dismiss a frivolous case. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (a district court may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee); see also Hawkins-El III v. AIG Fed. Savings Bank, 334 F. App'x 394, 395 (2d Cir. June 18, 2009) (affirming district court's sua sponte dismissal of fee paid frivolous complaint); Reyes v. Reyes, No. 11-CV-2536, 2011 WL 3625562, at *2 (E.D.N.Y. Aug. 16, 2011) (dismissing fee paid complaint sua sponte); Gianello v. Port Authority of N.Y. & N.J., No. 11-CV-3829, 2011 WL 2436674 at *1 (S.D.N.Y. June 16, 2011) ("The Court has the authority to dismiss sua sponte a complaint, or portion thereof, for which a plaintiff has paid the filing fee where the plaintiff presents no arguably meritorious issue.").

The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915(e)(2)(B).

II. Subject Matter Jurisdiction

It is long-established that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ex parte Burrus, 136 U.S. 586, 593-94, 10 S. Ct. 850, 34 L. Ed. 500 (1890). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts

4

of power to issue divorce, alimony, and child custody decrees.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13, 124 S. Ct. 2301, 2309, 159 L. Ed. 2d 98 (2004) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992)).

Here, Plaintiff challenges a custody and visitation order entered against him in New York State Family Court. Although Plaintiff cites to federal statutes, the substance of his claims concern state law domestic relations matters.¹ Therefore, this action is dismissed as this case is barred by the domestic relations exception to the jurisdiction of the federal courts. Schottel v. Kutyba, No. 06-CV-1577, 2009 WL 230106 (2d Cir. Feb. 2, 2009); McKnight v. Middleton, 699 F. Supp. 2d 507, 516-17 (E.D.N.Y. 2010); Puletti v. Patel, No. 05-CV-2293, 2006 WL 2010809, at *4 (E.D.N.Y. Jul. 14, 2006).²

---

¹ In so far as Plaintiff relies on the ICWA and/or the AIRFA, it is well-established that neither statute provides for a private rights of action. See, e.g., Parkell v. South Carolina, 687 F. Supp. 2d 576, 588 (D.S.C. 2009) ("ICWA does not provide a private right of action against participants in the underlying court proceeding" (citing Doe v. Mann, 285 F. Supp. 2d 1229, 1240 (N.D. Cal. 2003)); United States v. Mitchell, 502 F.3d 931, 949 (9th Cir. 2007) ("'AIRFA is simply a policy statement and does not create a cause of action or any judicially enforceable individual rights'" (quoting Henderson v. Terhune, 379 F.3d 709, 711 (9th Cir. 2004))).

² Even if the domestic relations exception did not apply, the Court would be barred from considering challenges to any state court judgments entered against Plaintiff. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 94 (2d Cir. 2005) (discussing the Rooker-Feldman doctrine wherein the federal courts lack jurisdiction over suits that challenge state-court judgments). Plaintiff has alleged that he lost in the New York state court, he complains of injuries caused by the state court decision, he invites this

If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); accord Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008). Finally, insofar as Plaintiff seeks to have this Court amend the ICWA, this Court is without authority to do so.

CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is sua sponte DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3). The Clerk of the Court is directed to terminate all pending motions as MOOT and to CLOSE this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October __24__, 2012
Central Islip, New York

---

Court's review and rejection of that state court decision, and the decision was rendered before the instant proceeding was filed here. Hoblock, 422 F.3d at 85.